IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MANUEL L. OLTIVERO, | § | |
| TDCJ No. 432952, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-190-FM |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Manuel L. Oltivero ("Oltivero"), a state prisoner at the Clements Unit in Amarillo, Texas, challenges multiple prison disciplinary actions which resulted in his loss of good time credits in a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 8]. Respondent Rick Thaler ("Thaler"), the Director of the Texas Department of Criminal Justice's Correctional Institutions Division ("TDCJ-ID"), asserts in his answer [ECF No. 12] that the Court should dismiss Oltivero's petition "because it is time barred."[1] After reviewing the petition, answer, and response [ECF No. 15], the Court concludes Oltivero's claims are barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court will accordingly dismiss Oltivero's petition. The Court will additionally deny Oltivero a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

Thaler has lawful custody of Oltivero pursuant to a judgment and sentence of the 243rd

---

[1] Answer 1.

Judicial District Court of El Paso County, Texas.[2] Oltivero is serving a forty-five year sentence for aggravated sexual assault.

Oltivero does not directly challenge his holding conviction. Rather, he attacks ten prison disciplinary cases, conducted from August 1999 through May 2005, which resulted in the loss of 535 days of previously earned good-time credits.[3] He argues the disciplinary proceedings violated his due process rights. He concedes he did not appeal the findings of guilt through TDCJ-ID's grievance procedures,[4] but claims he filed a state application for a writ of habeas corpus.[5] Oltivero asserts eligibility for mandatory supervision,[6] and explains the loss of good-time credits impacts his release date:

> My Liberty interest was infringed upon as the loss of good time added to the length of time that I am held in TDCJ-ID as I have "Mandatory Supervision" eligibility, — And a discharge date; — Both of which are effected by the loss of good time.[7]

Oltivero asks the Court for the "[r]eturn of 535 days [g]ood [t]ime that were taken at disciplinary procedures."[8]

---

[2] *State v. Oltivero*, Cause No. 47627 (243 Dist. Ct., El Paso County, Tex. Sept. 9, 1986).

[3] Pet'r's Pet. 5.

[4] *Id.*

[5] Pet'r's Resp. 2.

[6] *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (explaining that if petitioner is not eligible for mandatory supervision under Texas law, he has no cognizable claim in a § 2254 proceeding for loss of good time credits).

[7] *Id.* at 7.

[8] *Id.* at 9.

## APPLICABLE LAW

Federal habeas corpus relief pursuant to § 2254 is available to remedy constitutional violations of rights which affect the "fact or duration" of an individual's physical imprisonment.[9] Thus, federal habeas corpus relief pursuant to § 2254 is not available to remedy alleged constitutional violations which would not lead to either (1) an automatic shortening of an individual's sentence, or (2) the individual's immediate release.[10]

Moreover, § 2254 petitions are subject to a one year statute of limitations.[11] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by State action . . . is removed," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[12]

The statute of limitations is not limited to § 2254 petitions challenging convictions; it also applies to petitions challenging the outcome of a prison disciplinary proceedings.[13] Since disciplinary proceedings do not result in state court judgments, however, "the one-year period

---

[9] *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973).

[10] *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996)).

[11] *See* 28 U.S.C.A. § 2244(d)(1) (West 2011) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[12] *Id.* §§ 2244(d)(1)(A)–(D).

[13] *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002).

commences when 'the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"[14]

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the . . . claim is pending shall not be counted toward any period of limitation under this subsection."[15] In the context of a prison disciplinary, the limitations period is tolled during the pendency of a timely filed inmate grievance or state writ application.[16]

Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[17] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[18] It is justified only "in rare and exceptional circumstances."[19] Such circumstances include situations in which a petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[20] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[21] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a

---

[14] *Id.* at 363–64.

[15] *See* 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

[16] *Kimbrell*, 311 F.3d at 363–64 (5th Cir. 2002) (quoting 28 U.S.C.A. § 2244(d)(1)(D)).

[17] *See Holland v. Florida*, -- U.S. -- , -- ,130 S. Ct. 2549, 2560 (U.S. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[18] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[19] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[20] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[21] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

plaintiff is unable to discover essential information bearing on the existence of his claim.'"[22] Moreover, a petitioner has the burden of proving that he is entitled to equitable tolling.[23] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[24] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[25]

With these principles in mind, the Court turns to Oltivero's petition.

## ANALYSIS

As an initial matter, Oltivero does not challenge the judgment in his criminal case.[26] The record does not indicate that any unconstitutional "State action" prevented Oltivero from filing for federal habeas corpus relief prior to the end of the limitation period.[27] Also, Oltivero's claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[28] Therefore, the one-year period of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[29]

---

[22] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[23] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[24] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[25] *Cousin*, 310 F.3d at 848.

[26] 28 U.S.C.A. § 2244(d)(1)(A).

[27] *Id.* § 2244(d)(1)(B).

[28] *Id.* § 2244(d)(1)(C).

[29] *Id.* § 2244(d)(1)(D); *Kimbrell*, 311 F.3d at 363–64.

The factual basis for Oltivero's claims regarding the purported lack of due process during his ten disciplinary cases occurred when the punishments were assessed. The hearing officer assessed the earliest disciplinary punishment at a hearing on August 9, 1999, and the latest disciplinary punishment at a hearing on May 12, 2005.[30] Oltivero's limitations period for each case expired one year after its respective hearing date. Oltivero constructively filed his instant petition more than six years after the latest disciplinary case on June 22, 2011, the day on which he signed and presumably placed it in the prison's mail system.[31] Accordingly, his petition is untimely, and must be denied, unless statutory or equitable tolling applies.

Statutory tolling does not apply. Oltivero did not pursue TDCJ-ID administrative review of any of the disciplinary cases.[32] Although Oltivero argues in his response to Thaler's answer "that Petitioner DID file [his petition] in a timely manner as it was on 9-22-10 that [P]etitioner received 'Official Notice [f]rom [the] Court of Criminal Appeals of Texas that his writ . . . had been denied,'"[33] the Texas Court of Criminal Appeals did not receive his state writ application until June 9, 2010.[34] Because Oltivero filed his state writ application long after the limitations

---

[30] Resp't's Answer Ex. B.

[31] *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998) (explaining a *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court)).

[32] Pet'r's Pet. 5.

[33] Pet'r's Resp. 2.

[34] *Ex parte Oltiverio*, WR-74,631-01 (Tex. Crim. App. June 22, 2010).

-6-

period had already expired, it could not toll the limitations period.[35] Thus, Oltivero's state writ application does not save him from the one-year limitation period.[36]

Moreover, this case does not warrant equitable tolling. Oltivero has not presented facts that would demonstrate the sufficiently rare and exceptional circumstances to justify the application of the equitable tolling doctrine. There is no evidence that the State actively mislead Oltivero in any way. Nor is there any evidence that extraordinary circumstances prevented the timely filing of the petition. Oltivero waited over five years after his final disciplinary hearing to file for state habeas relief. He then waited another year after the Texas Court of Criminal Appeals denied that writ application to file the instant petition. "[E]quity is not intended for those who sleep on their rights."[37] Oltivero has failed to meet his burden of showing that he is entitled to equitable tolling of the limitations period.

Accordingly, the Court finds that Oltivero's petition is time-barred, that he is not entitled to equitable tolling, and that it need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[38] Further, appellate review of a habeas

---

[35] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

[36] *Id.*

[37] *Coleman*, 184 F.3d at 403; *see also Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618–19 (3rd Cir.1998) (explaining that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights).

[38] 28 U.S.C.A. § 2253(c)(1) (West 2011).

petition is limited to the issues on which a certificate of appealability is granted.[39] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[40] Although Oltivero has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[41]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[42] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[43] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[39] See *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[40] See 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[41] See 28 U.S.C.A. 2254 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[42] 28 U.S.C.A. § 2253(c)(2).

[43] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ruling."[44] Here, Oltivero is not entitled to a certificate of appealability because reasonable jurists would not find the Court's conclusion that his petition is time-barred debatable.

## CONCLUSION AND ORDERS

After carefully reviewing the record, and for the reasons stated above, the Court concludes that Oltivero's petition is time-barred and he is not entitled to § 2254 relief. The Court further concludes that Oltivero is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Manuel L. Oltivero's *pro se* petition for a writ of habeas corpus by a person in State custody pursuant to 28 U.S.C. § 2254 [ECF No. 8].

2. Further, the Court **DENIES** Petitioner Manuel L. Oltivero a **CERTIFICATE OF APPEALABILITY**.

3. Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause, if any.

**SO ORDERED.**

SIGNED this _26_ day of October 2011.

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[44] *Id.*